**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------X
IMAD ELHAG,

                Plaintiff,

  -against-

CONTINENTAL COPY PRODUCTS, LTD.,

                Defendant.
---------------------------------------------------X

Case No.: 1:21-cv-5385

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

Plaintiff, IMAD ELHAG, through his counsel, Derek Smith Law Group, PLLC, brings this action against Defendant CONTINENTAL COPY PRODUCTS, LTD., upon information and belief, as follows:

### NATURE OF CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991), Pub. L. No. 102-166 ("Title VII"), 42 U.S.C. §1981, New York State Executive Law, New York Labor Law, and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), et. seq. ("NYCHRL") and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to religious discrimination, race discrimination, hostile work environment, retaliation, and wrongful termination.

### JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

3. This action involves a federal question under Title VII of the Civil Rights Act and 42 U.S.C. §1981.

4. The Court also has supplemental jurisdiction over the State and City Causes of Action.

5. Venue is proper in this District based upon Defendant's residency and place of business within New York County, State of New York, within the Eastern District of New York. 28 U.S.C. §1391(b).

6. Plaintiff satisfied all administrative prerequisites prior to filing this matter.

## PARTIES

7. At all times material, Plaintiff IMAD ELHAG ("ELHAG") was and is an individual male residing in the State of New York, County of Kings.

8. At all times material, Plaintiff is of the Muslim faith and of Arabian descent. At all times material, Plaintiff is heterosexual.

9. At all times material, Continental Copy Products, Ltd. ("Defendant") was and is a domestic business corporation duly existing by the virtue and laws of the State of New York.

## RELEVANT FACTS

10. On or about September 15, 1994, Defendant hired Plaintiff as a Copier Technician.

11. During Plaintiff's employment, Defendant pervasively subjected Plaintiff to religious and ethnic slurs.

12. In or around 2018, ROBERT CAPILLO ("CAPILLO") and Defendant's employee DENNIS MILLER ("MILLER") told Plaintiff that "**the only good Muslims are dead Muslims**."

13. On another occasion, MILLER sent Plaintiff a text message containing a series of pictures of a monkey being set on fire by a white person. Plaintiff believes this text was referring to Muslims as monkeys.

14. Plaintiff immediately put Defendant on notice of the inappropriate text. Plaintiff complained to both Defendant's managers and owners. Plaintiff was told the text was "just a joke." As a result of Plaintiff's complaint, no reasonable or immediate action was taken.

15. In or around 2019 and through Plaintiff's employment, Defendant's Operations Manager JESSIE RIVERA ("RIVERA") told Defendant's employee STEPHANIE [Last Name Unknown] ("STEPHANIE") on multiple occasions **not to send Plaintiff to jobs located at Yeshivas because Plaintiff is a Muslim and of Arabian descent**.

16. This happened repeatedly; Defendant would contract to work at a Jewish school or Jewish business. Defendant would then forbid Plaintiff from working with Jewish people or at Jewish owned or operated facilities simply because was Muslim. At all times material, Defendant would allow other, non-Muslim employees to work with Jewish people.

17. On yet another occasion, Defendant's employee BRYAN [Last Name Unknown] ("BRYAN") told Plaintiff he was a "**faggot with AIDS**."

18. Throughout Plaintiff's employment, Plaintiff repeatedly reported all discriminatory comments to Defendant's management.

19. Defendant was made aware on each one of these occasions of the blatant discrimination that was taking place yet took no remedial action was taken whatsoever.

20. In addition, Defendant repeatedly demanded that Plaintiff no longer place any of his complaints in writing, insisting instead Plaintiff only make verbal complaints.

21. For example, when Plaintiff complained to Defendant's Owner WAYNE PISKIN and RIVERA about on-going discriminatory practices, PISKIN specifically told Plaintiff "You are not allowed to make any complaint in writing, text or e-mail. The only thing you can do is call me and I'll set up a meeting and we'll discuss it."

22. Plaintiff was suspicious of why PISKIN specifically forbid Plaintiff from documenting any complaints of discrimination.

23. In or around April of 2019, Plaintiff was working at a job site with BRYAN. Plaintiff requested that BRYAN finish the final step of the job, which required using a personal cell phone.

24. In response, BRYAN asked Plaintiff if Plaintiff was afraid of hooking his personal phone up to a computer because he had AIDS. Plaintiff was hurt and confused by the comment. BRYAN then got upset with Plaintiff and told him "Get the fuck out of my face."

25. In addition to the discriminatory comments, in the span of his 26 years working for Defendant, Defendant grossly underpaid Plaintiff because of his religion and ethnicity.

26. By way of example, as of 2020, Defendant paid Plaintiff a yearly salary of **$27,000** while hiring and paying two new employees RAUL [Last Name Unknown] ("RAUL") and CARLOS [Last Name Unknown] ("CARLOS") a starting yearly salary of $60,000.

27. Despite working over 40 hours a week, Defendant failed to pay Plaintiff above a yearly minimum wage.

28. Despite working over 40 hours a week, Defendant failed to pay Plaintiff any overtime.

29. Plaintiff made numerous complaints to Defendant relating to the pay disparity. In response, Defendant would tell Plaintiff they could not afford him. This was a lie. Defendant paid a receptionist $700 an hour and, as mentioned above, added both RAUL and CARLOS at a much higher rate of pay than Plaintiff.

30. At all times material, Plaintiff was more qualified for his position than RAUL or CARLOS. Additionally, RAUL and CARLOS had less experience than Plaintiff.

31. At all times material, RAUL and CARLOS were not Muslim or of Arabian descent.

32. Defendant underpaid Plaintiff because of Plaintiff's religious beliefs and ethnicity.

33. In February of 2020, Plaintiff helped a terminated co-worker, Felix, bring claims of harassment against Defendant. Plaintiff provided a statement relating to Felix's claims.

34. In or around of April of 2020, Defendant furloughed Plaintiff ostensibly due to a lack of work due to the COVID-19 pandemic.

35. While on furlough, CAPILLO asked Plaintiff if he could come in to work a few hours "here and there." When Plaintiff inquired as to how this would impact his unemployment pay, CAPILLO told Plaintiff that he would be expected to work the hours **for free**, stating that Defendant was not obligated to pay Plaintiff because Plaintiff was already collecting unemployment.

36. When Plaintiff refused this unlawful request, CAPILLO responded that the "bosses will be upset."

37. After refusing to work for free, CAPILLO told Plaintiff that Defendant would give him two days of paid work. Meanwhile, Defendant gave full-time hours to other employees, including RAUL and CARLOS.

38. Later, CAPPILLO lowered Plaintiff's hours to 1 day per week.

39. Thereafter, CAPPILLO said to Plaintiff "the company cannot afford to pay you" and instructed Plaintiff to call Defendant's owner.

40. On or about August 19, 2020, after calling Defendant's owner, Defendant terminated Plaintiff.

41. In exchange for a release of claims, Defendant offered Plaintiff 6 weeks of salary as well as offering to let him keep a decrepit car he had been using for work.

42. When Plaintiff refused the offer, CAPILLO insisted on giving Plaintiff the title of the car which had well over 300,000 miles on it. Plaintiff accept the gift.

43. Defendant claimed they could not afford to pay Plaintiff's salary because of the losses suffered due to the COVID-19 pandemic, however, Defendant continued to employ and pay multiple other Copier Technicians who made close to double Plaintiff's salary.

44. Defendant terminated Plaintiff because of his religion and ethnicity, his complaints and objections to the discriminatory and hostile work environment and his reluctance to work illegally for Defendant during the COVID-19 pandemic, and because of his support of his co-workers in bringing a civil rights claim.

45. Because of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, bonuses, benefits, and other compensation which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses.

46. As Defendant's conduct has been malicious, willful, outrageous and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendant.

47. The above are just some of the examples of the unlawful employment practices that Defendant subjected Plaintiff to.

## AS A FIRST CAUSE OF ACTION: DISCRIMINATION UNDER TITLE VII

48. The above are just some of the examples of unlawful discrimination and retaliation to which the Defendant subjected Plaintiff on an ongoing continuous basis.

49. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer Practices; it shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her/his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

50. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of his sex.

51. Plaintiff, in the alternative, alleges negligent hiring/supervision.

## AS A SECOND CAUSE OF ACTION: RETALIATION
## UNDER TITLE VII

52. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this complaint.

53. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

54. Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq*. by retaliating against Plaintiff with respect to the terms, conditions or privilege of employment because of his opposition to the unlawful employment practices of Defendant.

## AS A THIRD CAUSE OF ACTION: DISCRIMINATION
## UNDER NEW YORK STATE LAW

55. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this complaint.

56. New York State Executive Law § 296 provides that, 1. It shall be an unlawful discriminatory practice:

    (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to

hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

57. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his race and sex/gender, together with sexual harassment, causing a hostile work environment and wrongful termination.

58. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of New York State Executive Law Section 296.

59. Plaintiff, in the alternative, alleges negligent hiring/supervision.

## AS A FOURTH CAUSE OF ACTION: RETALIATION UNDER NEW YORK STATE LAW

60. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this complaint.

61. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

62. Defendant engaged in an unlawful discriminatory practice by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment on the basis of Plaintiff's opposition to the unlawful practices of Defendant.

63. Plaintiff makes a claim against Defendant under all of the applicable paragraphs of New York State Executive Law Section 296.

## AS A FIFTH CAUSE OF ACTION: AID AND ABET
## UNDER NEW YORK STATE LAW

64. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this complaint.

65. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

66. Defendant engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the unlawful, discriminatory, and retaliatory conduct as stated herein.

67. Plaintiff makes a claim against Defendant under all of the applicable paragraphs of New York State Executive Law Section 296.

## AS A SIXTH CAUSE OF ACTION: DISCRIMINATION
## UNDER NEW YORK CITY LAW

68. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this complaint.

69. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice:

(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

70. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of because of his race, sex/gender, and his status of being previously convicted.

71. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of New York City Administrative Code Title 8.

72. Plaintiff, in the alternative, alleges negligent hiring/supervision.

### AS A SEVENTH CAUSE OF ACTION: RETALIATION
### UNDER NEW YORK CITY LAW

73. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this complaint.

74. The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

75. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1)(e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

### AS AN EIGHTH CAUSE OF ACTION: AID AND ABET
### UNDER NEW YORK CITY LAW

76. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this complaint.

77. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

78. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

### AS A NINTH CAUSE OF ACTION: INTERFERENCE WITH PROTECTED RIGHTS UNDER NEW YORK CITY LAW

79. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this complaint.

80. New York City Administrative Code Title 8-107(19) Interference with protected rights.

81. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

82. Defendant violated the section cited herein as set forth.

### AS A TENTH OF CAUSE OF ACTION: SUPERVISORY LIABILITY UNDER NEW YORK CITY LAW

83. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this complaint.

84. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

   A. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   B. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

      i. The employee or agent exercised managerial or supervisory responsibility; or

    ii.    The employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's     discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

    iii.    The employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

85. Defendant violated the above section as set forth herein.

### AS AN ELEVENTH CAUSE OF ACTION: DISCRIMINATION AND RETALIATION
### 42 U.S.C. Section 1981

86. The above are just some of the examples of unlawful discrimination and retaliation to which the Defendant

87. subjected Plaintiff on an ongoing continuous basis.

88. Plaintiff, individually and on behalf of all persons similarly situated, repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

89. 42 USC Section 1981 states in relevant part as follows:

(a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined for purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

90. Plaintiff was discriminated against by Defendant because he is an Arab man as provided under 42 USC Section 1981 and has suffered damages as set forth herein.

91. Plaintiff also claims unlawful retaliation under 42 U.S.C. 1981 for opposition to Defendant's unlawful employment practices.

### AS A TWELFTH CAUSE OF ACTION
### FOR RETALIATION
### UNDER NEW YORK LABOR LAW

92. Plaintiff re-allege each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein

93. Defendant unlawfully retaliated against Plaintiff in violation of NYLL §215 and the supporting New York State Department of Labor Regulations when he complained about not being paid minimum wage or overtime.

94. As a result of Defendant's willful and unlawful conduct, Plaintiff is entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

### AS A THIRTEENTH CAUSE OF ACTION
### VIOLATION OF NEW YORK WAGE AND HOUR LAW
### MINIMUM WAGE & WAGE THEFT

95. Plaintiff repeat, allege, and hereby incorporate by reference the preceding allegations contained in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

96. Plaintiff was Defendant's employee within the meaning of the New York Wage Regulations.

97. New York Labor Law §663 states in relevant part as follows: If any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its

underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due. Any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action.

98. In any civil action by an employee or by the commissioner, the employee or commissioner shall have the right to collect attorneys' fees and costs incurred in enforcing any court judgment. Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.

## AS A FOURTEENTH CAUSE OF ACTION
## UNJUST ENRICHMENT

99. Plaintiffs repeat, allege, and hereby incorporate by reference the preceding allegations contained in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

100. Plaintiff has expended numerous hours and monies in performing the above work for Defendant.

101. As a result of the above, Defendant has received an enrichment.

102. As a result of the above, Plaintiff has suffered an impoverishment.

103. There exists a connection between the enrichment and the impoverishment.

104. Plaintiff plead in the alternative, that in the event there is no other remedy under law, Plaintiff is entitled to recovery under the doctrine of unjust enrichment.

## AS A FIFTEENTH CAUSE OF ACTION
## FOR OVERTIME WAGES
## UNDER NEW YORK LABOR LAW

105. Plaintiff repeat and re-allege each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

106. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of New York Wage Regulations, specifically NYCRR Labor Section 138 *et seq.*, in addition to New York Labor Law §§ 2 and 651.

107. Defendant failed to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week at a wage rate of one and half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of N.Y.C.R.R. 137-1.3.

108. Defendant violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

109. Defendant also failed to pay Plaintiff an additional amount for hours worked in excess of 10 hours per day.

110. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of this action, including interest in accordance with NY Labor Law §1981(1-a).

## JURY DEMAND

111. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant jointly and severally for all damages including compensatory, emotional distress, statutory, punitive damages, attorneys fees and costs in an amount to be determined at the time of trial and awarding Plaintiff

such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful conduct.

Dated: New York, New York
September 28, 2021

Respectfully submitted,

**DEREK SMITH LAW GROUP. P.C.**

_____/s/_____
By: Alexander G. Cabeceiras